**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| TERESA KLEYA, | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO. 4:18-40206-TSH |
| KARL STORZ ENDOVISION, INC., and JODI PECK, | ) | |
| Defendant. | ) | |

**ORDER AND MEMORANDUM ON PLAINTIFF'S MOTION TO AMEND (Docket No. 22)**

**February 3, 2020**

**HILLMAN, D.J.**

Teresa Kleya ("Mrs. Kleya") filed the instant action against Karl Storz Endovision, Inc., and Jodi Peck (collectively, "Defendants") on December 14, 2018, alleging violations of the Family & Medical Leave Act, the Americans with Disabilities Act, the Massachusetts Fair Employment Practices Act, and the Massachusetts Workers' Compensation Act.  (Docket No. 1). On June 25, 2019, this Court dismissed, *inter alia*, her discrimination and retaliation claims arising under the Americans with Disabilities Act and the Massachusetts Fair Employment Practices Act. (Docket No. 13).  Mrs. Kleya now moves to amend her complaint to reinstate these claims. (Docket No. 22).  For the following reasons, the Court ***denies*** the motion.

**Discussion**

Under Federal Rule of Civil Procedure 15(a), a court should freely give a party leave to amend a pleading "when justice so requires."  Amendment is not warranted, however, when the party engages in "undue delay," acts under a "bad faith or dilatory motive," repeatedly fails "to cure deficiencies by amendments previously allowed," or proposes a futile amendment.  *See ACA*

*Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 56 (1st Cir. 2008); *see also Alves v. Daly*, No. 12-10935, 2013 WL 1330010, at *10 (D. Mass. Mar. 29, 2013).

Defendants oppose amendment in this case on the grounds of futility. *See Savoy v. White*, 139 F.R.D. 265, 267 (D. Mass. 1991) ("Futility constitutes an adequate basis to deny a proposed amendment."). An amendment is futile if it "fail[s] to state a claim upon which relief could be granted." *Campbell v. Bristol Cmty. Coll.*, No. 16-11232, 2018 WL 457172, at *2 (D. Mass. Jan. 17, 2018) (citations and internal quotation marks omitted). In assessing futility, the Court "applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). Thus, the Court must accept all factual allegations in the amended complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Langadinos v. Am. Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir. 2000).

Mrs. Kleya's amended complaint fails to state a claim for discrimination or retaliation under the Americans with Disabilities Act or the Massachusetts Fair Employment Practices Act. In its dismissal order, the Court determined that Mrs. Kleya had alleged only three instances of adverse employer action[1]—namely, reassignment to a Manufacturing Coordinator II position, being forced to stand all day, and being denied a fatigue mat—none of which had been reasonably

---

[1] The Court determined that the allegations in the original complaint were "not enough for the Court to infer a constructive discharge." (Docket No. 13 at 10). Nothing in the amended complaint induces the Court to alter this ruling. Although Mrs. Kleya now premises her constructive discharge on a general atmosphere of harassment, retaliation, and discrimination (rather than the Performance Improvement Plan, as proposed in the original complaint), she has not pled any facts from which the Court can reasonably infer a working environment so intolerable that a reasonable person would feel compelled to leave. She had been approved for reasonable accommodations prior to receiving the Performance Improvement Plan, and she does not suggest that any conditions created prior to that approval continued after she received reasonable accommodations. Moreover, in the absence of any information on how (or even whether) the Performance Improvement Plan impacted the terms and conditions of her employment, she has not shown that the Performance Improvement Plan itself created an intolerable environment (or that it otherwise constituted adverse action).

linked to any of Mrs. Kleya's disabilities and/or handicaps.  (Docket No. 13 at 10).  The proposed amendment does not remedy this deficiency.  Mrs. Kleya adds "after notice of a medical condition" to the allegations regarding these acts (Docket No. 22-1 at 7, 8), but notice of a medical condition does not, standing alone, suffice to show that Defendants engaged in these acts *because of* her disabilities and/or handicaps.[2]  Indeed, notice does not even establish that Defendants did view her as disabled and/or handicapped when they took adverse action against her.  Mrs. Kleya does not plead that the medical conditions causing her to take leave (e.g., bronchitis) were linked to any of her disabilities and/or handicaps, and while she alleges that her disclosures "may have" or "could have" caused Defendants to view her as disabled and/or handicapped (Docket No. 22-1 at 6, 8, 10, 18, 19), "the mere possibility of misconduct" does not suffice to establish a claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Absent any indication that it was probable that Defendants viewed Mrs. Kleya as disabled and/or handicapped and that they specifically retaliated or discriminated against her on these bases, the complaint fails to establish "plausible entitlement to relief" for discrimination or retaliation under the Americans with Disabilities Act and the Massachusetts Fair Employment Practices Act.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007).  Thus, the Court must ***deny*** the motion to amend as futile.

## Conclusion

For the reasons stated above, Plaintiff's motion is ***denied***.  (Docket No. 22).

---

[2]   The Court may, under some circumstances, presume the existence of a causal connection where there is close temporal proximity between the disclosure and the adverse action.  *See Sánchez-Rodríguez v. AT&T Mobility P.R., Inc.*, 673 F.3d 1, 15 (1st Cir. 2012).  But as this Court noted in its dismissal order, the most reasonable inference in this case is that the adverse actions were taken "as a response to her FMLA leave," not because of any disabilities and/or handicaps she may have had.  (Docket No. 13 at 10–11).

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN
DISTRICT JUDGE**
